# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GERMAN U.,[1]
(A Number: 216-098-945)

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

Case No. 1:26-cv-05200-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION AND ORDER IMMEDIATE RELEASE**

(Docs. 1)

SEVEN (7) DAY DEADLINE

German U. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

He is a native and citizen of Columbia who entered the United States in 1996, as a nonimmigrant Visitor for Pleasure with authorization to stay in the United States for a limited time period. (Doc. 6-1 at 6). Petitioner overstayed his visa and was arrested on April 30, 2026. (Doc. 6-1 at 5). The record before the Court reflects that the claimed detention authority is 8 U.S.C. § 1226(a). (Doc. 6 at 2). The record is devoid of any evidence that Petitioner's arrest pursuant to section 1226(a) was conducted pursuant to a warrant.

On July 8, 2026, the Court ordered Respondents to show cause as to why the Petition should not be granted. (Doc. 4). On July 29, 2026, Respondents filed a response in which their sole legal argument is that Petitioner has not exhausted his administrative remedies. (*See* Doc. 6).

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

# I. DISCUSSION

## A. Prudential Exhaustion

Respondent argues Petitioner has "fail[ed] to exhaust his administrative remedies." (Doc. 6 at 2).

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55 (1995) (citing *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id.* "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. *Laing*, 370 F.3d at 1000–01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

The undersigned finds that even if exhaustion were required, waiver would be appropriate here to avoid further irreparable harm to Petitioner and further delay in vindicating rights under the Immigration and Nationality Act (INA). *See*, *e.g.*, *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018). Petitioner is suffering irreparable harm as a result of his continued

detention, which would unnecessarily continue without waiver of exhaustion. Accordingly, the undersigned recommends not denying Petitioner's request for habeas relief for failure to exhaust administrative remedies.

**B. Violation of the INA**

The undersigned construes Petitioner's petition as bringing a claim for a violation of the INA, alleging that Petitioner's detention pursuant to section 1226(a) is unlawful because it was effectuated without a warrant. (Doc. 1 at 6). Respondent does not dispute that Petitioner is detained pursuant to section 1226(a). However, Petitioner cannot be properly detained pursuant to section 1226(a) if a warrant was not issued for his arrest.

"Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (quoting *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025)). Section 1226(a) plainly states: "On a warrant issued by the Attorney General, a [noncitizen] may be arrested and detained." 8 U.S.C. § 1226. "As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *J.A.C.P.*, 2025 WL 3013328, at *8 (quoting *Chogllo Chafla*, 804 F. Supp. 3d at 264).

Based on the parties' filings, there is no evidence before the court that the government issued a warrant for Petitioner's arrest when he was detained on April 30, 2026. Consequently, Petitioner is not properly detained pursuant to section 1226(a). Respondents have not suggested that any other detention authority justifies Petitioner's detention. Because the Government did not comply with the plain language of section 1226(a), Petitioner's immediate release is justified. *See id.* (ordering the petitioner's immediate release after determining petitioner could not be detained pursuant to § 1225(b) and had not been properly detained pursuant to § 1226(a)); *Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026) (ordering the petitioner's immediate release where the respondent failed to identify an applicable detention statute to justify the petitioner's detention); *K.K. v. Warden of Cal. City Det. Facility*, No. 1:26-CV-01467-KES-EGC (HC), 2026 WL 1999109, at *2 (E.D. Cal. July 10, 2026), *report and recommendation adopted sub nom. Kiala v. Noem*, No. 1:26-CV-01467-KES-EGC (HC),

2026 WL 2022679 (E.D. Cal. July 12, 2026) (same).

**RECOMMENDATIONS**

Accordingly, the Court hereby RECOMMENDS that

1. The petition for writ of habeas corpus, (Doc. 1), be GRANTED as to Petitioner's claim that his detention violates the INA.
2. Respondent be ORDERED to immediately release Petitioner with appropriate conditions of supervision with all Petitioner's documents and possessions.
3. Respondent be PERMANENTLY ENJOINED and RESTRAINED from attempting to re-detain Petitioner unless they comply with the requirements under 8 U.S.C. § 1226(a).

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 30, 2026**

Erin Sun Castillo
UNITED STATES MAGISTRATE JUDGE