**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERMAN U.,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-05200-JLT-EGC (HC)<br>A-Number: 216-098-945<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 1, 8) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 30, 2026, the magistrate judge issued findings and recommendations that the petition be granted and Respondent be directed release Petitioner immediately. (Doc. 8.) The findings and recommendations were premised upon the absence of record evidence indicating that Petitioner's detention under 8 U.S.C. § 1226(a) was conducted pursuant to a warrant. (*Id.*) On August 6, 2026, Respondent filed timely objections, providing a copy of the warrant issued on the day of Petitioner's arrest. (Doc. 9.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. As the findings and recommendations indicate, Petitioner entered the United States on a tourist visa in 1996 and then overstayed that visa. (*See* Doc. 8 at 1.) He has lived in the United States ever since. He was detained on April 30, 2026 during a law enforcement action that

appears to have been targeting someone else. (Doc. 6-1 at 5.)

Given that Respondents have now produced an arrest warrant, the factual basis for the findings and recommendations is no longer present, and the Court finds no independent justification for immediate release. Because Petitioner's April 30, 2026 arrest appears to have been his first encounter with the immigration system, he has never been formally evaluated for danger or flight risk. For this reason, Petitioner's circumstances are materially indistinguishable from other cases in which this Court has granted bond hearings to individuals who have resided in the United States for various periods of time without ever interacting with immigration officials prior to their challenged detention. *See, e.g., R.P.V. v. Wofford,* No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Lopez v. Chestnut*, No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887, at *1 (E.D. Cal. Mar. 6, 2026).

Respondents concede that Petitioner is entitled to a bond hearing in accordance with § 1226(a) but contend that this case should be dismissed without prejudice so that Petitioner can exhaust his administrative remedies by formally requesting one. (Doc. 6 at 2; Doc. 9 at 2.) As this Court recently explained:

> If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). In this case, given that Respondents concede Petitioner is entitled to a § 1226(a) custody hearing and that Petitioner's habeas petition may be construed as such request, the Court finds that pursuit of administrative remedies would be a futile gesture.

*Marquez v. Warden*, No. 1:26-CV-04528-JLT-SAB, 2026 WL 2268762, at *2 (E.D. Cal. Aug. 6, 2026) (record citations omitted); *see also Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *3 (E.D. Cal. Feb. 25, 2026) (["T]he court will waive the prudential exhaustion requirement because the relief that the court will grant by this order—a hearing in

front of an immigration judge at which Petitioner's eligibility for bond must be considered—is precisely the relief that prudential exhaustion would require.”).

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on July 30, 2026 (Doc. 8) are **ADOPTED IN PART**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.
4. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing. If Respondents fail to provide the bond hearing within the timeframe outlined above, they **SHALL** release Petitioner.
5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.
6. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days’ notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner’s eligibility for bond is considered.[1]
7. The Clerk of Court is directed to serve the California City Detention Facility with a copy of this Order.

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent’s **SHALL** provide a bond hearing in the timeframe required by law.

8. The Clerk of Court is directed to **CLOSE THE CASE** and **ENTER JUDGMENT FOR PETITIONER**.

IT IS SO ORDERED.

Dated: _August 12, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE